UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS DOE,<br>Plaintiff,<br>v.<br>CHARLES BILEK<br>&<br>BRENNAN CUTTER<br>Defendants. | CIVIL ACTION NO: |

**COMPLAINT & JURY DEMAND**

This Complaint seeks the recovery of Plaintiff's damages arising from violations of her privacy, bodily autonomy, and an egregious infliction of emotional distress perpetrated upon the Plaintiff by both Defendants who recorded her in a state of undress without her consent and then disseminated those same images without her consent.

**INTRODUCTION**

Plaintiff Alexis Doe (hereinafter "Plaintiff") is a former student at Springfield College. On October 13, 2023, the Defendants Charles Bilek ("Defendant Bilek") and Brennan Cutter ("Defendant Cutter") (collectively the "Defendants") recorded the Plaintiff without her consent in a state of undress during a sexual encounter in their dorm room and then disseminated those pictures and videos amongst themselves and also with other students on campus. These actions were criminal, tortious, and sexually abusive acts that the Defendants perpetrated upon the Plaintiff that caused lasting emotional and psychological harm.

**JURISDICTION**

The complaint alleges, among other counts, violations of 15 U.S.C. § 6851. Thus, there is "federal question jurisdiction" pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction of the other related claims pursuant to 28 U.S.C. § 1367 which arise out of the same transaction or occurrence. All relevant facts and the gravamen of the complaint occurred in the Commonwealth of Massachusetts.

**VENUE**

Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §1391(b) because the facts giving rise to the claims occurred within this District.

**PARTIES**

1. Plaintiff is a resident of Massachusetts who was victimized by both Defendants at Springfield College in Massachusetts.

2. Charles Bilek is a former student at Springfield College who is, on information and belief, presently domiciled at W278n6173 Serenity Dr., Sussex, WI 53089.

3. Brennan Cutter is a former student at Springfield College who is, on information and belief, presently domiciled at 14 Calhoun Ave, Trumbull, CT 06611.

FACTS COMMON TO ALL COUNTS

4. At the time of the incidents described herein, Plaintiff and the Defendants were students at Springfield College and living on campus.

5. On the night of October 13, 2023, Plaintiff was in the Defendants' dorm room with a friend.

6. During their visit, a consensual sexual encounter occurred.

7. Without the Plaintiff's consent, the Defendants recorded the sexual encounter.

8. In the days that followed the sexual encounter, Plaintiff learned there were sexually explicit videos of her circulating around campus from the encounter.

9. The Plaintiff confronted both Defendants upon learning this news and they admitted to recording her without her consent.

10. Not only did the Defendants admit to recording the Plaintiff without her consent, but they also admitted to sharing those videos and images with each other as well as with other people on campus without the Plaintiff's knowledge or consent.

11. The Defendants were questioned and searched by officers from the Springfield College Police Department and acknowledged recording the Plaintiff without her permission and distributing the explicit images and videos to each other and to other people on campus without her consent.

12. Evidence was found on several of the Defendants' devices sufficient to support criminal charges that followed: violations of M.G.L c. 272, Sec. 105 (Photographing, videotaping or electronically surveilling partially nude or nude person or the sexual or other intimate parts of a person around the person's clothing; exceptions; punishment).

13. On September 17, 2025, both Defendants entered pleas to facts sufficient for a finding of guilt and admitted, in open court and under oath, that "*on October 13th of 2023, [they both]…did willfully photograph and videotape [Plaintiff] …who at the time, [was] nude…with the intent to secretly conduct or hide that activity…And that when [they] did…take those photographs or videotapes [they] intended to do so secretly and hide such activity when the [victim] would have had a reasonable expectation of privacy in not being so taken and without the consent of the individuals who were nude in the images."*

14. These admissions are admissible in this civil matter and are sworn admissions to

the same allegations that the Plaintiff advances herein against the Defendants.

15. The Defendants caused the Plaintiff extraordinary harm.

16. The Defendants took advantage of the Plaintiff's body, her privacy, and her image without her consent.

17. The fallout from the Defendants' actions very seriously impacted the Plaintiff's emotional wellbeing.

18. The Plaintiff withdrew from school and moved home - an extraordinary setback to her educational path.

19. The Defendants' fractured the Plaintiff's sense of community and safety on campus in a brutally invasive manner.

20. The Defendants' violated the Plaintiff and then celebrated that violation by sharing nonconsensual images with each other and with her fellow classmates.

21. The Defendants' criminal and tortious actions caused the Plaintiff horror, shock, and shame.

22. The Plaintiff was forced to endure the haunting reality that the Defendants' had recorded her without her knowledge and shared those videos amongst themselves as well as with strangers on her college campus – strangers who had seen her naked and engaging in sexual acts as a direct result of the Defendants' predatory conduct - conduct that stripped her of her right to privacy, bodily autonomy, and dignity.

## **COUNTS**

### COUNT I - NONCONSENSUAL DISCLOSURE OF INTIMATE VISUAL DEPICTIONS
### 15 U.S.C. § 6851

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24. Defendants disclosed Plaintiff's intimate visual depictions without Plaintiff's consent.

25. Defendants made the disclosures in or affecting interstate commerce or using a means or facility of interstate commerce, including cell phones, cellular networks, internet, wifi networks, cell phone apps, Springfield College resources, and other communication tools.

26. Defendants knew, or recklessly disregarded, whether Plaintiff had not consented to the disclosures.

27. Plaintiff's alleged consent to sexual activity did not constitute consent to the creation or distribution of any intimate visual depiction.

28. Plaintiff's alleged consent to the creation of any depiction (there was none) did not constitute consent to its distribution. 15 USC § 6851 (2022).

29. Plaintiff is entitled to recover her actual damages or liquidated damages of $150,000, together with the costs of this action, reasonable attorney's fees, and other reasonably incurred litigation costs. 15 USC § 6851 (2022)

COUNT II — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth herein.

31. Defendants intentionally recorded Plaintiff during a private sexual encounter without her knowledge or consent.

32. Defendants intentionally disseminated Plaintiff's intimate images to each other and to other people on or around the Springfield College campus without Plaintiff's knowledge or consent.

33. Defendants knew, or reasonably should have known, that secretly recording and

disseminating Plaintiff's intimate sexual images would cause Plaintiff severe emotional distress.

34. Defendants' conduct was extreme, outrageous, and beyond all bounds of decency tolerated in a civilized community.

35. Defendants' conduct directly and proximately caused Plaintiff severe emotional distress, humiliation, shame, anxiety, loss of privacy, disruption of her education, and other damages.

COUNT III — INVASION OF PRIVACY (M.G.L. c. 214, §1B)

36. Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

37. Massachusetts law provides a person a right against unreasonable, substantial, or serious interference with that person's privacy and authorizes the Superior Court to enforce that right and award damages. M.G.L. c. 214, § 1B.

38. The recordings captured highly personal and intimate facts concerning Plaintiff, including her nudity, body, and sexual conduct.

39. Plaintiff had a reasonable expectation that the sexual encounter was private.

40. Defendants intentionally gathered, retained, shared and disseminated Plaintiff's private and intimate information without Plaintiff's consent.

41. Defendants had no legitimate, legal, or countervailing interest in recording or disseminating Plaintiff's intimate images.

42. Defendants' recording and dissemination of Plaintiff's intimate images constituted an unreasonable, substantial, and serious interference with Plaintiff's privacy.

43. Defendants' interference with Plaintiff's privacy directly and proximately caused Plaintiff emotional distress, humiliation, educational disruption, and other damages.

COUNT IV — CIVIL CONSPIRACY

44. Plaintiff incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45. Defendants agreed and acted together to secretly record Plaintiff during a private sexual encounter and to disseminate the resulting intimate images amongst themselves and with others without Plaintiff's consent.

46. Defendants acted in furtherance of their agreement by recording, retaining, transmitting, displaying, distributing, and/or publishing Plaintiff's intimate images.

47. Defendants' concerted conduct was unlawful and constituted the tortious and illegal conduct alleged in Counts I through III.

48. Defendants' agreement and concerted conduct directly and proximately caused Plaintiff to suffer severe emotional distress, humiliation, loss of privacy, educational disruption, and other damages.

COUNT V – VIOLATION OF THE MASSACHUSETTS WIRETAP ACT
M.G.L. c. 272, §99

49. Plaintiff incorporates by reference Paragraphs 1 through 48 as though fully set forth herein.

50. Defendants, without Plaintiff's knowledge or prior authority, secretly used cell phones to record video containing the contents of oral communications between Plaintiff, her friend, and the Defendants.

51. The recording was hidden from the Plaintiff and she did not know that her oral communications were being heard or recorded.

52. Plaintiff did not give the Defendants her consent to hear or record those communications.

53. Defendants' secret hearing and/or recording of Plaintiff's oral communications constituted an interception through an intercepting device within the meaning of M.G.L. c. 272, §99.

54. Defendants willfully committed the interception without lawful authority.

55. As a direct and proximate result of Defendants' unlawful interception, Plaintiff suffered actual damages, including severe emotional distress attributable to the secret recording itself, humiliation, shame, anxiety, loss of privacy, disruption of her education, and other damages.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable to the fullest extent allowed by law.

## PRAYER FOR RELIEF

WHEREFORE,

Plaintiff requests that this Honorable Court enter judgment for Plaintiff on each count set forth herein and order Defendants to pay:

1. Compensatory damages to Plaintiff in the greatest amount supported by law and evidence;

2. Under 15 U.S.C. § 6851: award actual damages in an amount to be proven at trial, OR, in the alternative, liquidated damages in the amount of $150,000 in lieu of actual damages under that claim, as elected by Plaintiff;

3. Reasonable attorney's fees, litigation costs, and other costs authorized by 15 U.S.C. § 6851;

4. Punitive damages pursuant to M.G.L. c. 272, §99;

5. Statutory liquidated damages pursuant to M.G.L. c. 272, §99, to the extent applicable;

6. Other statutory damages to Plaintiff in the greatest amount supported by law and evidence;

7. Special, punitive, or exemplary damages to the fullest extent allowed by law;
8. Interest, costs, and attorneys' fees;
9. Such further relief as is fair and just.

Respectfully submitted,

PLAINTIFF,

Alexis Doe

By her attorney:

____________________________________
Michael R. Harriman, BBO #680061
Harriman Law
185 Devonshire Street, Suite 302
Boston, MA 02110
617-482-1723
mharriman@harriman-law.com

Dated: October 9, 2026